UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kelly McMahon,

    Plaintiff,

v.                                            Case No.: 10-14265

Citimortgage, Inc.,                          Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff Kelly McMahon ("Plaintiff") brought this action against her mortgage servicer, Defendant CitiMortgage, Inc. ("Defendant"), asserting multiple claims related to the alleged nondisclosure of material terms of Plaintiff's mortgage. The matter currently before the Court is Defendant's Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6) and FED. R. CIV. P. 9(b). The parties fully briefed the issues and the Court heard oral argument on Defendant's motion on March 10, 2011. On the morning of the hearing on Defendant's motion, Plaintiff filed a motion to amend her complaint. That motion is also currently before the court. For the following reasons, the Court shall GRANT Defendant's Motion to Dismiss and DENY Plaintiff's motion to amend her complaint.

### BACKGROUND

On May 10, 2002, Plaintiff entered into a mortgage agreement ("the loan") with her original lender, E-Mortgage Direct, Inc. ("E-Mortgage"), relating to property located at 3026 Fuilford, Royal Oak, Michigan ("the property"). (Complaint at ¶ 6, 8). Plaintiff executed a

1

promissory note ("the note") for $220,400.00 and E-Mortgage retained a security interest in the property. *Id.* at ¶ 9. E-Mortgage then transferred its rights to Plaintiff's loan to ABN AMRO Mortgage Group, Inc. ("ABN"). On September 15, 2007, Defendant CitiMortgage Inc. acquired ABN.

After Plaintiff defaulted on the loan, a sheriff's sale was scheduled for October 5, 2010. Plaintiff filed her complaint on October 4, 2010. (Def's Mtn., Doc. No. 3 at 1). Defendant removed the case to this court on October 25, 2010, based on diversity jurisdiction. (Doc. No. 1). Defendant filed the instant motion to dismiss on November 1, 2010. Plaintiff filed her response to Defendant's motion on December 13, 2010. (Plf's Resp., Doc. No. 7). On December 30, 2010, Defendant filed its reply to Plaintiff's response. (Def's Reply, Doc. No. 8).

The Court heard oral argument on Defendant's motion to dismiss on March 10, 2011. At the hearing, counsel for Plaintiff notified the Court that she had filed a motion to amend Plaintiff's complaint just prior to the hearing. (Amend Mtn., Doc. No. 10).

STANDARD OF REVIEW

Defendant bring its motion pursuant to Federal Rule of Civil Procedure 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). In order for a complaint to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Dismissal is only proper if, based upon the pleadings, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Twombly*, 550 U.S. at 555.

ANALYSIS

Plaintiff alleges the following five counts in her complaint: (1) violation of Real Estate Settlement Procedures Act (RESPA), (2) violation of Truth in Lending Act (TILA), (3) violation of Michigan Mortgage Brokers, Lenders and Servicers Licensing Act (MBLSA), (4) Fraud, and (5) Civil Conspiracy. All of the counts alleged in Plaintiff's complaint arise out of the execution of the loan with E-Mortgage. Plaintiff argues, and Defendant does not dispute, that Defendant is liable for the conduct of E-Mortgage as a successor in interest. (Complaint at ¶ 13).

I.  Plaintiff's RESPA Claim is Barred by the Statute of Limitations.

In Count I, Plaintiff alleges that E-Mortgage violated RESPA by failing to disclose a broker's fee. *Id.* at 3. Plaintiff asserts that she paid fees to E-Mortgage for settlement services relating to the loan. *Id.* at ¶ 18. Plaintiff further alleges that E-Mortgage accepted "fees, kickbacks or other things of value" from the other Defendant[1] in violation of 12 U.S.C. § 2607(a) and 24 C.F.R. § 3500.14. *Id.* at ¶ 19a. Section § 2607(a) and 24 C.F.R. § 3500.14 prohibit the payment or acceptance of referral fees in connection with a federally related mortgage loan. Additionally, Plaintiff claims that E-Mortgage gave or accepted "a portion, split, or percentage of charges made or received for the rending of real estate settlement services in connection with a transaction involving a federally insured loan other than for services actually performed," in

---

[1] The Court assumes that Plaintiff is referring to Defendant CitiMortgage when referring to the "other Defendant." CitiMortgage, Inc. is the only Defendant to the lawsuit.

violation of 12 U.S.C. § 2607(b) and 24 C.F.R. § 3500.14(c).

Defendant argues that Plaintiff's RESPA claim is barred by the statute of limitations under 12 U.S.C. § 2614.[2] (Def's Mtn. at 3). Defendant is correct in asserting that RESPA claims brought under § 2607, as Plaintiff does here, are subject to a one-year statute of limitations. *See* 12 U.S.C. § 2614; *Egerer v. Woodland Realty, Inc*. 556 F.3d 415, 421 (6th Cir. 2009). Section 2614 also provides that the limitations period begins to run from "the date of the occurrence of the violation." *Id*.

Plaintiff and E-Mortgage entered into the mortgage agreement on May 10, 2002, more than eight years before the Plaintiff filed her claim. Plaintiff's RESPA claim is therefore barred by the one-year statute of limitations.

II.     <u>Plaintiff's TILA Claim is Barred by the State of Limitations.</u>

In Count II, Plaintiff alleges that E-Mortgage violated TILA by "failing to include in the finance charge certain charges imposed by E-Mortgage." (Complaint at ¶ 23a). Plaintiff claims that E-Mortgage failed to disclose a mortgage broker fee or a yield premium on the Settlement Statement (HUD-1), in violation of 15 U.S.C. § 1605(a)(6) and Regulation Z, 12 C.F.R. 226.23 ("Reg. Z"). Plaintiff also asserts that the amount of these undisclosed finance charges were greater than the tolerance levels set forth in 15 U.S.C. § 1605(f). *Id*. at ¶ 31.

A.     <u>Plaintiff's TILA Claim Should not be Tolled Due to Fraudulent Concealment.</u>

Plaintiff does not deny that TILA claims are limited by a one-year statute of limitations, which is set forth in 15 U.S.C. § 1640(e), but contends that the statute of limitations should be

---

[2] In its motion, Defendant incorrectly states that the RESPA statute of limitations is set forth in12 U.S.C. § 2614, rather than 12 U.S.C. § 2614.

tolled due to fraudulent concealment of the alleged yield spread premium. (Complaint at ¶ 30).

The one-year period is subject to equitable tolling under limited circumstances. *Jones v. Transohio Savings Assoc.*, 747 F.2d 1037, 1041 (6th Cir. 1984). Under the doctrine of fraudulent concealment, the statute of limitations may be equitably tolled where the plaintiff alleges and establishes: 1) defendant concealed the conduct that constitutes the cause of action; 2) defendant's concealment prevented plaintiff from discovering the cause of action within the limitations period; and 3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action. *Egerer*, 556 F.3d at 422. Where the doctrine of fraudulent concealment is applied "the one year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation." *Jones,* 747 F.2d at 1041.

Federal Rule of Civil Procedure 9(b) requires that a plaintiff bringing a claim for fraudulent concealment must plead the fraudulent acts with particularity. *Harvey v. Ameriquest Mort. Co.*, 2010 WL 4386976 (E.D. Mich. 2010) (Duggan, J.). Rule 9(b) has been interpreted to require a plaintiff alleging fraud to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation omitted).

Defendant contends that Plaintiff is not entitled to equitable tolling because Plaintiff has failed to plead or indicate how Defendant took affirmative steps to conceal the alleged violations. (Def's Mtn. at 5). The Court agrees. Plaintiff's complaint simply asserts that Plaintiff is entitled to equitable tolling "due to fraudulent concealment of the alleged yield

premium." (Complaint at ¶ 30). Like the plaintiff in *Harvey*, Plaintiff's complaint does not set forth facts establishing fraudulent concealment.[3] Plaintiff has failed to explain how or why she believes the interest rate and fees presented in the attached mortgage documents are false, beyond merely stating that a yield premium and certain fees were not disclosed. Also like in *Harvey*, the loan documents attached to Plaintiff's complaint clearly set forth the information (i.e, adjustable nature of her mortgage, the addition of 2.750% to the current index, the finance charge, and a list of broker fees) which is the basis for Defendant's alleged violations. Furthermore, Plaintiff admits in her reply brief that she reviewed these closing documents. (Plf's Resp. at 4). Plaintiff has therefore failed to plead fraud with the requisite particularity.

      B.      <u>Equitable Recoupment Does not Apply to Plaintiff's TILA claim.</u>

In her reply brief, Plaintiff also asserts that the doctrine of equitable recoupment saves her claims from TILA's one-year statute of limitations, under 15 U.S.C. § 1640(e). Section 1640(e) provides:

> This subsection does not bar a person from asserting a violation of this subchapter **in an action to collect the debt** which was brought more than one year from the date of the occurrence of the violation **as a matter of defense by recoupment** or set-off in such action, except as otherwise provided by State law.

15 U.S.C. § 1640(e) (emphasis added).

Defendant, however, asserts that it is not attempting to collect a debt, but rather, is attempting to foreclose on Plaintiff's property. (Def's Reply at 4). Furthermore, Defendant further states that Plaintiff's equitable recoupment argument is not a defense because Plaintiff is

---

[3] In addition, unlike the *pro se* plaintiff in *Harvey*, the plaintiff in this case is represented by counsel.

the party who initiated this suit. *Id.*

Plaintiff relies on *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998), but her reliance misplaced. Although the appellants in *Beach* were permitted to recoup some of the fees owed to their lender, their equitable recoupment claim was brought as defense to their lender's foreclosure proceeding. *Id.* at 414. The court in *Beach* explained that § 1635(f) does not apply when a plaintiff brings an independent TILA action, as Plaintiff has done in this case. *Id.* at 415. The court stated:

> [The Beaches] are, of course, correct that as a general matter a defendant's right to plead 'recoupment,' a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded, survives the expiration of the period provided by a statute of limitation that would otherwise bar the recoupment claim as an independent cause of action. So long as the plaintiff's action is timely, a defendant may raise a claim in recoupment even if he could no longer bring it independently, absent the clearest congressional language to the contrary.

*Id.* (internal quotations and citations omitted).

Since Plaintiff brings her TILA claim through an independent action as a plaintiff, rather than as a defense to a debt collection suit, Plaintiff cannot assert recoupment as a means to circumvent TILA's one year statute of limitations.

The court in *Beach* also held that 15 U.S.C. § 1635(f) provides that a party's right to rescind a mortgage due to TILA violations is completely extinguished three years after the loan closes. *Id.* at 411-12.

Therefore, Plaintiff's TILA claim is barred by TILA's one-year statute of limitations.

III.    <u>Plaintiff's MBLSLA Claim Does Not Apply to Defendant.</u>

In Count III, Plaintiff alleges violations of Michigan's Mortgage Brokers, Lenders, and

Servicers Licensing Act.  The claim is based upon the same alleged non-disclosures relating to the terms of the loan.  Plaintiff claims that Defendant is liable as the successor in interest to non-defendant ABN.  (Plf's Resp. at 5).

Defendant contends that Plaintiff's MBLSLA claim fails under M.C.L. § 445.1675(m) because ABN was a subsidiary of a depository financial institution.  M.C.L. § 445.1675 provides:

> [The MBLSLA] does not apply to any of the following:
>
> (m) A mortgage broker, mortgage lender, or a mortgage servicer that is a subsidiary or affiliate of a depository financial institution or a subsidiary or affiliate of a holding company of a depository financial institution, if the depository financial institution maintains its main office or a branch office in this state.

M.C.L. § 445.1675(m).

ABN was a subsidiary of Standard Federal Bank National Association, N.A., which had its main office, as well as a number of depository branches, in Michigan.  (Def's Reply .at 5).  Therefore, the MBLSLA does not apply to Defendant.  *See Ridha v. Mortgage Electronic Registration Systems*, 2010 WL 4867416 (E.D. Mich. 2010) (O'Meara, J.); *Yatooma v. JP Morgan Chase Bank, N.A.*, 2010 WL 3325616 (E.D. Mich. 2010) (Komives, M.J.).

Additionally, Plaintiff's MBLSLA claim fails to meet the pleading standards of *Iqbal*.  Plaintiff alleges its claim by merely reciting provisions of the MBLSLA.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S.Ct. at 1949.

IV.   Plaintiff's Fraud Claim is Not Pleaded With Particularity.

In Count VI, Plaintiff alleges fraud on the part of the Defendant.  As discussed in Part I,

above, Plaintiff has failed to allege her fraud claim with particularity. Plaintiff merely alleges, "E-Mortgage misrepresented material information regarding the mortgage transaction" by "increasing plaintiff's interest rate due to the payment of a yield premium without informing plaintiff." (Complaint at ¶ 39) In Count VI, Plaintiff again fails to explain how the information included in the mortgage documents are false, beyond merely stating that they are.

In her response to Defendant's assertion that she has failed to plead her fraud claim with particularity, Plaintiff includes the following:

> 1) nondefendant E-Mortgage Direct (E-Mortgage) held itself out as a lender when in fact it was a table lender (a table lender or correspondent mortgage banker, an entity that obtains a line of credit to fund the loan in its name and then sells the loan to the true lender at a premium), further E-Mortgage misrepresented to Plaintiff that the initial interest rate of 5.75 percent she received was the best interest rate available to a borrower with her credit score and financial circumstance, 2) that representation was false because E-Mortgage Direct charged Plaintiff a yield adjustment premium so that it could sell her loan at a premium and profit from the difference between the par rate and the premium, 3) that the E-Mortgage Direct's representative knew that the statement was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion, 4) that the representation was made with the intention that it should be acted upon by Plaintiff, otherwise, E-Mortgage simply would have disclosed the yield spread premium 5) that Plaintiff accepted the loan because she thought she was receiving the best interest rate possible according to her credit score and financial circumstance, and 6) Plaintiff has suffered injury in that over the life of the loan she will pay thousands of dollars more than she would have paid if she had not been charged the premium yield adjustment.

(Plf's Resp..at 8).

Notwithstanding these additional allegations, Plaintiff has still failed to plead her fraud claim with particularity. With regards to new allegation #1, Plaintiff fails to explain who, where, and when these fraudulent misrepresentations were made, as required by *Frank*. Moreover,

opinions do not give rise to an action for fraud. The misrepresentations must be statements of fact, and not statements of opinion. *See Webb v. First of Michigan Corp*, 195 Mich. App. 470,474 (1992); *Kamalnath v. Mercy Memorial Hospital Corp.*, 194 Mich. App. 543 (1992). Thus, representations by Defendant that the interest rate "was the best interest rate available to a borrower with her credit score" are not actionable. The remaining new factual allegations are simply conclusory statements.

V.  Plaintiff's Civil Conspiracy Claim Fails because Plaintiff has Failed to Properly Plead the Underlying Tort of Fraud.

In Count V, Plaintiff alleges civil conspiracy between E-Mortgage and ABN. (Complaint at ¶ 47,48). The claim is based upon the same alleged non-disclosures relating to terms of the note and mortgage.

"A civil conspiracy, by itself, is not a cognizable claim but is defined by the tort that constitutes the underlying theory of liability." *Mekani v. Homecoming Financial, LLC*, 2010 WL 2681077 at *5 n. 2 (E.D. Mich 2010) (Borman, J.) (citing *Roche v. Blair*, 305 Mich. 608, 9 N.W.2d 861, 863 (Mich.1943); *see also Battah v. ResMAE Mortgage Corp.*, 2010 WL 4260530 at * 5 (E.D. Mich. 2010) (Rosen, J.) (dismissing civil conspiracy claim where plaintiff failed to state claim for underlying fraud claim).

Because Plaintiff has failed to state a claim for the underlying tort of fraud, Plaintiff's civil conspiracy claim fails as well.

VI.  Plaintiff's Proposed Amended Complaint Does Not Cure the Deficiencies in Plaintiff's Original Complaint.

A party may amend its pleadings once as a matter of course within 21 days after service of a Rule 12(b) motion. FED. R. CIV. P. 15(a)(1)**.** Leave to amend is to be freely given when

justice so requires. FED. R. CIV. P. 15(a)(2). However, a district court may deny leave to amend a complaint if the Court finds that the amendment would be futile. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). The Court should consider motions to dismiss in light of proposed amendments to the complaint and determine whether the deficiencies in the complaint would have been cured by the proposed amendments. *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000).

In this case, Plaintiff filed a motion to amend her complaint more than four months after Defendant filed its motion to dismiss and well after the 21 day window provided by Rule 15(a)(1)(B). The Court may only permit Plaintiff to amend her complaint pursuant to Rule 15(a)(2).

In moving to amend her complaint, Plaintiff makes another attempt at pleading her fraud claims with particularity. Plaintiff's proposed amended complaint, however, fails cure the shortcomings of her original complaint. Plaintiff fails to allege any affirmative acts on the part of Defendant that would amount to fraudulent misrepresentation. Rather, Plaintiff states that indicia of a yield spread premium, which this Court has not been able to identify, "are disclosed on the Plaintiff's Settlement Statement (HUD-1)" and "were apparent on the face of the documents." (Amend Mtn. at 4, 7). Plaintiff further states that she relied on these alleged misrepresentations by not "seeking alternative financing from a different mortgage lender or put down a down payment to improve her loan terms because she believed she was getting the best terms available to her." *Id.* at 12. As discussed above, such opinions by non-defendant E-Mortgage that its rates are "the best" are not actionable and do not amount to fraud. *Webb v. First of Michigan Corp*, 195 Mich. App. at 474 (1992). Here, Plaintiff simply failed to perform

her due diligence in finding the best mortgage terms available to her.

## CONCLUSION

For the reasons discussed above, the Court GRANTS Defendant's motion to dismiss as to all Plaintiff's counts against Defendant. The Court also DENIES Plaintiff's motion to amend her complaint.

**IT IS SO ORDERED.**

                          S/Sean F. Cox
                          SEAN F. COX
                          UNITED STATES DISTRICT JUDGE

Dated:  June 2, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2011, by electronic and/or ordinary mail.

                          S/Felicia Moses for Jennifer Hernandez
                          Case Manager